# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| MALCOLM HARRIS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>HOUSE SAVINGS INVESTORS, LLC, )<br>)<br>Defendant. )<br>_____) | CIV. NO.: 1:07-cv-00123 |

## MEMORANDUM OPINION AND ORDER

Finch, Senior Judge

**THIS MATTER** comes before the Court on Plaintiff's Motion for Default Judgment. Plaintiff also seeks attorney's fees and costs. Defendant has not answered the complaint or otherwise responded. Because Plaintiff has not shown that Defendant was properly served or that the Court has personal jurisdiction over Defendant, the Court DENIES his Motion for Default Judgment without prejudice.

### I. Facts

On November 27, 2007, Plaintiff Malcolm Harris filed an action for debt against Defendant House Savings Investors, LLC, based on an alleged breach of a promissory note. The Defendant is alleged to be a Georgia limited liability company with an address in Atlanta, Georgia. The promissory note upon which Plaintiff's suit is based was included with the complaint and provides that Defendant is to remit payment to Plaintiff by mailing it to a P.O. Box in St. Croix.

The record indicates that on February 22, 2008, Plaintiff, through a process server, attempted to personally serve Defendant at 3577 Chamblee Tucker Rd., Suite A255, Atlanta, Georgia 30341 – the address listed on the promissory note as Defendant's address. The process server indicated that he was unable to personally serve the Defendant and that the provided address was for a private mailbox company, which refused to confirm if Defendant was a "boxholder." (*See* Affidavit of Process Server, Doc. No. 3.) Based on this affidavit, Plaintiff moved for service by publication under 5 V.I.C. § 112(a)(5), which was granted by the Magistrate Judge. Plaintiff then published a notice of the summons in this action in the St. Croix Avis for four consecutive weeks. (Doc. No. 6.)

Defendant now moves for this Court for an order of default judgment and attorney's fees.

## II. Discussion

Federal Rule of Civil Procedure 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n. 9 (3d Cir. 1990). The entry of a default judgment is largely a matter of judicial discretion, although the United States Court of Appeals for the Third Circuit has emphasized that such "discretion is not without limits, however, and we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984).

"Personal jurisdiction over the defendant is required before a default judgment in a civil case may be entered." *Bixler v. Foster*, __F.3d__, 2010 WL 597477, at *7 (10th Cir. 2010). To exercise personal jurisdiction over a party, a district court must comply with constitutional due

2

process requirements and ensure that defendant was properly served. See *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir.1993) ("A district court's power to assert *in personam* authority over parties defendant is dependent not only on compliance with due process but also on compliance with the technicalities of Rule 4."). Here, the Court is concerned with whether Defendant was properly served and whether exercise of personal jurisdiction over Defendant would comport with due process.

Under Virgin Islands law, 5 V.I.C. § 112(a)(5), service by publication is allowed:

When the subject of the action is real or personal property in the Virgin Islands, and the defendant has or claims a lien or interest actual or contingent therein, or the relief demanded consists wholly or partly in excluding the defendant from any lien or interest therein;

The record does not demonstrate that this provision applies. Plaintiff has alleged a debt cause of action, not one for foreclosure. The complaint makes no reference to any property located in the Virgin Islands; nor does Plaintiff's motion for default. The Court notes that Plaintiff's requests for attorney's fees indicates that Plaintiff's counsel anticipates expending additional time to investigate and prepare a "Praecipe and Writ of Execution, attachment, and marshal's sale documentation." However, in order to demonstrate that service by publication was valid, Plaintiff must present proof that "the subject of the action is real or personal property in the Virgin Islands" or one of the other enumerated provisions of 5 V.I.C. § 512.

The Court has similar concerns with whether it may exercise personal jurisdiction over Defendant. "Establishing personal jurisdiction in the Virgin Islands involves a two-part analysis. First, there must be a statutory basis for exercising jurisdiction over the nonresident defendant in accordance with the Virgin Islands Long-Arm Statute, V.I.Code Ann. tit. 5, § 4903, and second,

3

the nonresident defendant must have minimum contacts with the Virgin Islands sufficient to satisfy constitutional due process." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009); *see also Budget Blinds, Inc. v. White*, 536 F.3d 244, 260 (3d Cir. 2008). Here, the Virgin Islands long-arm statute, 5 V.I.C. § 4903(a), provides in pertinent part that:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's
>
> (1) transacting any business in this territory;
>
> (2) contracting to supply services or things in this territory;
>
> (3) causing tortious injury by an act or omission in this territory;
>
> (4) causing tortious injury in this territory by an act or omission outside this territory if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this territory;
>
> (5) having an interest in, using, or possessing real property in this territory; or
>
> (6) contracting to insure any person, property, or risk located within this territory at the time of contracting.

Under 5 V.I.C. § 4903(a)(5), the Court may exercise personal jurisdiction over the Defendant if it has an interest in or possesses real property in the Virgin Islands. *See e.g. Citibank, N.A. v. Chammah*, 44 V.I. 85, 95 (V.I. Terr. Ct. 2001) (exercising jurisdiction under section 4903(a)(5) because defendant's interrogatory responses stated that it "has owned, managed, leased or possessed real property in the territory."). However, the record is devoid of any evidence upon which this Court may find that Defendant possesses or has an interest in real property in this territory to establish personal jurisdiction over Defendant under section 4903(a)(5).

Based on the facts before the Court, personal jurisdiction would not be proper under any of the other provisions of section 4903. The only evidence of Defendant's interaction with this forum is that the promissory note requires that payments on the note be mailed to St. Croix.[1] Even assuming that payments were made into this forum by Defendant, that fact would not establish sufficient minimum contacts with this forum to confer personal jurisdiction over Defendant.[2] *Lynch v. New Jersey Auto. Full Ins. Underwriting Ass'n*, 762 F.Supp. 101, 104 (E.D.Pa. 1991) ("The tendering of a payment by a contracting party to another contracting party in the forum is not sufficient [to confer personal jurisdiction]."); *Bayada Nurses, Inc., v. Blue Cross Blue Shield of Michigan*, 2008 WL 2945388, at *5-6 (E.D.Pa. 2008) (finding that nearly three years worth of payments from defendant insurer in Michigan to plaintiff's P.O. box in Philadelphia was insufficient to establish minimum contacts with Pennsylvania); *Elias v. Energy Reduction Systems, Inc.*, 1993 WL 55932, at *4 (E.D.Pa. 1993) ("the fact that payments were made, or would be made, to plaintiff in Pennsylvania" [was an in]sufficient jurisdictional nexus."); *see also Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993) ("[A] contract alone does not automatically establish sufficient minimum contacts in the other party's home forum.") (internal quotations and citations omitted); *Mellon Bank (East) v. DiVeronica Bros., Inc.*, 983 F.2d 551, 557 (3d Cir. 1993) ("Contracting with a resident of the forum state does not alone justify the exercise of personal jurisdiction over a non-resident defendant.").

---

[1] Plaintiff has not submitted evidence nor alleged that Defendant mailed any payments to St. Croix.

[2] To establish Defendant's minimum contacts, Plaintiff must show that "the quality and nature of the defendant's activity is such that it is reasonable and fair to require [that it] conduct [its] defense in [this territory]." *Metcalfe*, 566 F.3d at 334 (citation omitted).

### III. Conclusion

Because Plaintiff has not shown that Defendant was properly served or that exercise of personal jurisdiction over Defendant by this Court complies with the Virgin Islands long-arm statute or due process requirements, Plaintiff's Motion for Default Judgment is denied without prejudice. Accordingly is hereby

**ORDERED** that Plaintiff's Motion for Default Judgment is **DENIED** without prejudice.

**ENTERED this 16th day of March, 2010**.

_____/s/_____
HONORABLE RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE